IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DONALD PRYOR, ) | |
|     Plaintiff, ) | |
| ) | |
| vs. ) | CAUSE NO.: 1:18-cv-815 |
| ) | |
| ) | |
| AMERICOLD LOGISTICS, LLC. ) | |
|     Defendant. ) | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

This is an action brought by Plaintiff, Donald Pryor ("Pryor"), by counsel, against Defendant Americold Logistics, LLC ("Defendant" or "Americold"), for violating the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq. ("ADA"), as amended by the ADA Amendments Act of 2008 ("ADAAA") by discriminating against Pryor based on his disability and failing to provide reasonable accommodations.

### I. JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 USC §1331, § 1337, and §1343. This action is being brought pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 et. seq.

2. This Court also has jurisdiction to grant injunctive and declaratory relief and award damages pursuant to 42 U.S.C. § 12117.

3. Pryor filed EEOC Charge of Discrimination No.: 470-2015-00661 with the Equal Employment Opportunity Commission ("EEOC") in 2015. The EEOC found reasonable cause to believe that discrimination occurred and engaged the parties in the conciliation process. Conciliation was unsuccessful. On December 11, 2017, the EEOC issued its Dismissal and

Notice of Right to Sue. (See Exhibit 1). This action is timely filed within ninety (90) days of Plaintiff's receipt of the EEOC notice.

4. Venue is proper in the Southern District of Indiana, Indianapolis, Division, as the discriminatory conduct occurred in Marion County, Indiana, within the jurisdiction of the United States District Court for the Southern District of Indiana, Indianapolis Division.

## II. PARTIES

5. Pryor is a citizen of the United States of America, and a resident of Marion County, Indianapolis, Indiana.

6. At all relevant times, Pryor was an employee of Defendant, Americold.

7. Defendant, Americold is a United States corporation, that provides cold storage and refrigeration warehouse services. Its principal place of business is located at 10 Glenlake Parkway, Suite 600 South Tower, Atlanta, GA 30328.

8. Pryor is an "employee" as that term is defined by the ADA, 42 U.S.C. § 12111(4).

9. Defendant has more than fifteen (15) employees and satisfies the definition of an "employer," as that term is defined by the ADA, 42 U.S.C. § 12111(5)(A)

## III. FACTUAL ALLEGATIONS[1]

10. In 2013, Pryor worked as a Lift Truck Operator ("LTO") for Defendant at its Indianapolis Indiana warehouse, located at 3320 S. Arlington Ave., Indianapolis, IN 46203.

11. At all relevant times, Pryor met or exceeded Defendant's legitimate performance expectations.

---

[1] Plaintiff does not recall exact dates and his counsel has been unable to review all claims as she is still waiting to review the EEOC's investigative file. Plaintiff may need to amend the factual and legal allegations after his receipt of the file. In the interest of preserving Plaintiff's right to file a federal action, this Complaint is being filed.

12. Pryor's job duties as an LTO, included but were not limited to, operating a forklift, and fulfilling customer orders from refrigerated or frozen sections of the warehouse.

13. Pryor's working conditions included working in freezing temperatures, as the warehouse housed frozen and cooled perishable food.

14. In 2013, Pryor was working in the freezer section when he realized that his gloves had holes in them.

15. Pryor immediately notified his supervisor and requested a new pair of gloves.

16. For employees that worked in the freezer section, proper gloves were required as part of the employees' personal protective equipment.

17. The supervisor told Pryor to continue working and stated that he would get him a new pair of gloves. The supervisor failed to provide Pryor with the gloves.

18. Pryor continued to work without the proper gloves because he had production standards and he did not want to get in trouble for failing to meet the goals or insubordination.

19. In a short period of time, Pryor's left middle finger became extremely swollen, started turning purple and had no sensation.

20. Pryor was subsequently diagnosed with an extreme case of frost bite, and doctors explained additional exposure would have resulted in his finger being amputated.

21. Pryor was off on worker's compensation for several months.

22. During the time that Pryor was on worker's compensation, he was called in to work for approximately two weeks, but his doctor provided him with medical restrictions.

23. Pryor could not work in the freezer section of the warehouse for extended amounts of time.

24. Pryor needed an accommodation to perform his job.

25.     Defendant never discussed Pryor's medical condition with him, or addressed his need for an accommodation.

26.     Defendant told Pryor to go home and the company would contact him regarding next steps.

27.     Pryor contacted the company repeatedly for months, and even went up to the warehouse to inquire about his return to work.

28.     No company representatives would speak to him about his return to work, his accommodations, or his employment status in general.

29.     Unbeknownst to Pryor, Defendant had placed him on a medical leave of absence.

30.     Pryor remained off work for more than nine months, and never heard anything from the company.

31.     Pryor filed an EEOC Charge of Discrimination.  During the EEOC investigation, Pryor discovered that he had been terminated.

32.     Pryor has suffered, and continues to suffer, substantial loss of past, present, and future income, loss of employee benefits, damage to his career, mental and physical anguish, as well as other financial losses.

## IV. LEGAL ALLEGATIONS[2]

### COUNT 1- VIOLATION OF THE ADA

33.     Plaintiff hereby incorporates by reference and repleads all allegations set forth in paragraphs 1-32.

34.     Plaintiff is disabled within the meaning of the ADA, in that he has a physical impairment that substantially limits a major life activity.

---

[2] See Footnote 1.

35. Plaintiff is a qualified individual with a disability that could have performed the essential functions of his position with or without a reasonable accommodation.

36. At all relevant times, Defendant was aware of Plaintiff's disability and his need for a reasonable accommodation.

37. Plaintiff's reasonable accommodation request would not have imposed an undue burden on Defendant.

38. Defendant's failure to accommodate Plaintiff's disability was in violation of the ADA.

39. Defendant's refusal to allow Plaintiff to work was in violation of the ADA.

40. Defendant's termination of Plaintiff because of his disability was in violation of the ADA.

41. Defendant's acts or omissions in this matter amounted to discrimination against the Plaintiff based on his disability, his record of disability, and/or being regarded as having a disability.

42. Plaintiff has suffered and continues to suffer harm as a result of Defendant's unlawful actions.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, Donald Pryor, by counsel, does hereby request the following as relief:

1. Enter judgment in favor of Plaintiff;

2. Award lost wages, front pay, and associated benefits due to the denial of Plaintiff's statutory rights;

3. Provide injunctive relief enjoining Defendant's from engaging in disability discrimination;

4. Award compensation for any and all other damages suffered as a consequence of Defendant's unlawful actions.

5. Award compensatory damages;

6. Award compensation for all past and future pecuniary and non-pecuniary losses, including emotional pain, inconvenience and humiliation;

7. Award liquidated and punitive damages;

8. Award all costs and attorney's fees incurred as a result of pursing this action;

9. Award pre- and post-judgment interest in all sums recoverable; and

10. Award all other legal and/or equitable relief this Court deems just and proper.

Respectfully submitted,
CURLIN & CLAY LAW,
ASSOCIATION OF ATTORNEYS

*s/Robin C. Clay*

_____
Robin C. Clay, 22734-49
8510 Evergreen Ave. Suite 200
Indianapolis, IN  46240
Telephone (317) 202-0301
Facsimile (317) 282-0688
E-mail: rclay@curlinclaylaw.com

## **DEMAND FOR TRIAL BY JURY**

Plaintiff respectfully requests a jury trial as to all issued deemed triable.

                                            Respectfully submitted,
                                            CURLIN & CLAY LAW,
                                            ASSOCIATION OF ATTORNEYS

                                            *s/Robin C. Clay*
                                            _____
                                            Robin C. Clay, 22734-49
                                            8510 Evergreen Ave. Suite 200
                                            Indianapolis, IN 46240
                                            Telephone (317) 202-0301
                                            Facsimile (317) 282-0688
                                            E-mail: rclay@curlinclaylaw.com